# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, } | |
| } | |
| v.  } | Case No.: 6:03-CR-400-RDP-PWG |
| } | |
| GUADALUPE ACOSTA-MIRANDA,[1] } | |
| } | |
| **Defendant.** } | |

### MEMORANDUM OPINION

This case is before the court on Defendant's *pro se* emergency 3582 motion (Doc. #228) requesting that the court reduce his sentence or grant him time served in light of his health issues and several amendments made to the Sentencing Guidelines which became effective on November 1, 2010. *See* 18 U.S.C. § 3582(c)(2). The Government filed a Response (Doc. #229) to Defendant's motion on March 31, 2011. As with all *pro se* motions, the court has construed Defendant's motion liberally. *See United States v. Webb*, 565 F.3d 789 (11th Cir. 2009). For the reasons which follow, the court finds that Defendant's motion is due to be denied.

**A.    BACKGROUND**

Defendant pled guilty on July 16, 2004, to conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine, a controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). On November 9, 2004, Defendant was sentenced to a custodial sentence of 135 months. The court imposed a sentence substantially below the guideline range of 240 months based on a motion filed by the Government. By granting the government's motion, the court concluded Defendant's offense level should be 31,

---

[1]The name used by Defendant in his motion reads as follows: Acosta Miranda Guadalupe. The name on this order is the name used on Defendant's court documents.

which when combined with a criminal history category III, resulted in a sentencing range of 135 to 168 months.

**B.  ANALYSIS**

Defendant explicitly requests relief based upon amendments to United States Sentencing Guidelines §§ 5H1.1, 5H1.3, and 5H1.4.  These sections were amended by Amendment #739 of the Sentencing Guidelines.  U.S.S.G.  Manual, App. C, amend. 739 (Nov. 1, 2010) at p. 345. That amendment became effective on November 1, 2010.

The 2010 amendment cycle began on May 1, 2010, when the U. S. Sentencing Commission sent to Congress their proposed amendments to the sentencing guidelines.  The cycle concluded on November 1, 2010, when the manual was published with Congress having taken no action to change or reject the amendments proposed by the Sentencing Commission in May.  The ten amendments adopted in the 2010 cycle, which became effective on November 1, 2010, are amendments 738 -747 according to the U.S.S.G. Manual, App. C, (Nov. 1, 2010) at pp. 339-374.

In order for a substantive amendment to the Sentencing Guidelines to have retroactive effect, it must be listed in U.S.S.G. § 1B1.10.[2]  *United States v. Gibbs,* 323 Fed.Appx. 743, 2009 WL 1006080 (11th Cir. 2009), *citing United States v. Armstrong*, 347 F.3d 905 (11th Cir. 2003).  The last numbered amendment appearing in §1B1.10 is #715.  Therefore, none of the amendments

---

[2]If an amendment is determined to be a clarifying amendment rather than a substantive amendment, it does apply retroactively.  Since the instant matter is not before this court on direct appeal or a § 2255 motion, the court will not consider the issue of whether the amendments to Chapter 5 of the Guidelines relied upon by Defendant were clarifying or substantive since the Eleventh Circuit has adopted a bright-line rule that clarifying amendments "may only be retroactively applied on direct appeal of a sentence or under a § 2255 motion." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003).  *See also United States v. Jerchower*, 631 F.3d 1181 (11th Cir. 2011), citing Armstrong.

adopted by the Sentencing Commission which became effective on November 1, 2010, were made retroactive.

Defendant has provided no authority to this court in support of his motion to grant him a time-served sentence or otherwise reduce his sentence. The court has, however, reviewed the statutes and case law regarding this matter and notes that a court has very limited authority under which to change, modify, or reduce a lawfully imposed sentence. According to *United States v. Greenwood*, 322 Fed.Appx. 693, 2009 WL 839115 (11th Cir. 2009), citing *United States v. Diaz-Clark*, 292 F.3d 1310 (11th Cir. 2002), a district court does not have the authority to modify a sentence, except to the extent provided by the federal statutory provisions which control sentencing and the Federal Rules of Criminal Procedure, specifically Rule 35, and 18 U.S.C. § 3582. *See also United States v. Phillips,* 597 F.3d 1190 (11th Cir. 2010).

The provisions of Federal Rule of Criminal Procedure 35 are as follows:

**Rule 35. Correcting or Reducing a Sentence**

**(a)** **Correcting Clear Error.** Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

**(b)** **Reducing a Sentence for Substantial Assistance.**

    **(1)** **In General.** Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.

    **(2)** **Later Motion.** Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:

        **(A)** information not known to the defendant until one year or more after sentencing;

>    **(B)** information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
>
>    **(C)** information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.
>
> **(3)** **Evaluating Substantial Assistance.** In evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's presentence assistance.
>
> **(4)** **Below Statutory Minimum.** When acting under Rule 35(b), the court may reduce the sentence to a level below the minimum sentence established by statute.
>
> **(c)** **"Sentencing" Defined.** As used in this rule, "sentencing" means the oral announcement of the sentence.

The court finds no facts with regard to the instant motion that would trigger the application of these provisions. First, more than fourteen[3] days have passed since the court pronounced sentence. Therefore, subsection (a) does not apply. Additionally, Defendant's motion does not argue that the "sentence resulted from arithmetical, technical, or other clear error," and the court finds no such error. Second, Defendant's motion is made *pro se*, not by the Government. Therefore, subsection (b) does not apply.

The provisions of 18 U.S.C. § 3582 are as follows:

**§ 3582. Imposition of a sentence of imprisonment**

> **(a)** **Factors to be considered in imposing a term of imprisonment.**--The court, in determining whether to impose a term of imprisonment, and, if a term of

---

[3] When Defendant was sentenced in 2003, the period of time allowed under Rule 35 was seven days.

imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation. In determining whether to make a recommendation concerning the type of prison facility appropriate for the defendant, the court shall consider any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2).

**(b)** **Effect of finality of judgment.**--Notwithstanding the fact that a sentence to imprisonment can subsequently be–

  **(1)** modified pursuant to the provisions of subsection (c);
  **(2)** corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
  **(3)** appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;

a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

**(c)** **Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that–

  **(1)** in any case–

    **(A)** the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-

      **(i)** extraordinary and compelling reasons warrant such a reduction; or

      **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is

>>>>not a danger to the safety of any other person or the community, as provided under section 3142(g);

>>>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

>>>>**(B)** the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

>>**(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

>**(d)** **Inclusion of an order to limit criminal association of organized crime and drug offenders.**--The court, in imposing a sentence to a term of imprisonment upon a defendant convicted of a felony set forth in chapter 95 (racketeering) or 96 (racketeer influenced and corrupt organizations) of this title or in the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 U.S.C. 801 et seq.), or at any time thereafter upon motion by the Director of the Bureau of Prisons or a United States attorney, may include as a part of the sentence an order that requires that the defendant not associate or communicate with a specified person, other than his attorney, upon a showing of probable cause to believe that association or communication with such person is for the purpose of enabling the defendant to control, manage, direct, finance, or otherwise participate in an illegal enterprise.

None of the provisions found at 18 U.S.C. § 3582 are triggered by Defendant's request to this court to reduce his sentence. Section (a) clearly applies at the initial sentencing hearing of a defendant. As already discussed, Section (b) sets out the statutory parameters for the finality of a sentence of imprisonment and serves to affirm this court's lack of authority to amend Defendant's

sentence in the instant case. Section (c) sets forth the conditions under which a sentence can be changed or modified, none of which apply to Defendant.[4]

Therefore, after thorough consideration of the motion and the applicable law, the court finds that it lacks jurisdiction to modify, correct, or otherwise change the sentence originally imposed. *See United States v. Diaz-Clark*, 292 F.3d 1310 (11th Cir. 2002).

**DONE** and **ORDERED** this ___18th___ day of May, 2011.

                                          **R. DAVID PROCTOR**
                                          UNITED STATES DISTRICT JUDGE

---

[4]This court does note, however, that Defendant bases his motion for relief on his physical condition resulting from a stroke in 2002 which has left him impaired. Nothing in this order should be construed as expressing an opinion regarding the merits of a petition filed by the Director of the Bureau of Prisons based on Defendant's medical condition, as contemplated by § 3582(c)(1)(A)(i), should Defendant pursue that avenue for relief.